**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| REGAN DWAYNE REEDY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-2215 (ABJ) |
| | ) | |
| BARACK HUSSEIN OBAMA, II, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Regan Dwayne Reedy has filed a *pro se* complaint on behalf of Susan Annette Reedy, Sheena Marie Reedy, Meagan Elaine Reedy, Candice Noel Reedy, and Jase Arless Reedy-Underwood, or their estates, against a number of federal and state government officials and private individuals.[1]  Compl. [Dkt. # 1].  According to the lengthy complaint, plaintiff Reedy is "the living Aboriginal being" identified by the name ᎦᏍᎭ ᏗᎦᏞ, "translated as closely as possible into English as, Wegani Diweini Klangdog Anisahoni."  *Id.* at 27 ¶ f.  The complaint states that the named plaintiffs "are living aboriginal beings possessing a conscious mind – soul from the divine, and are 'Unrecognizable', 'Non-Registered' and 'Non-Domestic Aliens', in legal terms, in relation to the Respondents."  *Id.* at 39 ¶ a.

_____

1      The complaint names the following individuals:   President Barack Obama; Vice President Joseph Biden; Secretary of the Treasury Jacob Lew; Commissioner of the Internal Revenue Service John Koskinen; Virginia Governor Terry McAuliffe; Commissioner of Pulaski County, Virginia Trina N. Rupe; Commissioner of Montgomery County, Virginia Helen Royal; Mayor of Christianburg, Virginia D. Michael Barber; Kentucky Governor Steve Beshear; the Chairman and CEO of Wells Fargo Company John G. Stumpf; and the CEO of Freddie Mac Donald H. Layton.  *See* Compl. [Dkt. # 1].

Plaintiffs appear to seek the return and restoration of "paramount and equitable property taken from [them] . . . by those acting as for and on behalf of the Respondents," in violation of "International Treaty(s) Law, Natural Law, Laws of Nature, Rule of Law, Moral Law, Scriptural Law, Laws of The United States of America (Declaration of Independence),[2] Fidelity of Trust, Clean Hands, Fair Equity, Lieber Code and Laws of Nations." *Id.* at 8 (underlining in original). "In accordance with the obligations of the . . . Financial Transparency Act, and Bankers Book Act," plaintiffs "are demanding a Full and Complete Accounting of all property . . . from the Respondents, that originated directly or indirectly from the Birth Certificate . . . and/or the Social Security Account **construed** to be a related artificial Person to each complainant." *Id.* at 10 (bold in original).   This property includes the "Paramount Property" – "[t]he living consciousness, physical and spiritual energy (labor) of the complainants," *id.* at 22 ¶ 4 – and physical property that has been "[s]ecured and/or foreclosed upon," including real property, several vehicles, and a boat.  *Id.* at 63–65 ¶¶ a–p.  Plaintiffs seek monetary damages for the property, plus "one-fifth [20%] added to the value for all . . . property . . . as is required within the Scriptures of the Holy  Bible."  *Id.* at 72 ¶ 4.A.  Woven into the complaint's 78-pages of allegations are phrases in Hebrew, *see id.* at 31 ¶ hh; passages in Latin, *see id.* at 55–58 ¶¶ 1–46; and words in an unrecognizable and unintelligible font.  *See id.* at 39 ¶ a.

"Federal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  In addition, "'[i]t is axiomatic that subject

---

2      Plaintiff claims that "[t]he complainants are signatory(s) on the Declaration of Independence of 1776." *Id.* at 30 ¶ aa.

matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'"

*NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc.*

*v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).   Indeed, a federal court must raise the issue

because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority,

and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'"   *Id.*,

quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).   Therefore, a

district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure

12(h)(3) when it is evident that the court lacks subject-matter jurisdiction.  *See Evans v. Suter*,

No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of*

*Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic*

*Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*,

714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is 'patently insubstantial,'

presenting no federal question suitable for decision."  *Tooley v. Napolitano*, 586 F.3d 1006, 1009

(D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).   A claim is "patently

insubstantial" when it is "flimsier than doubtful or questionable . . . [and] essentially fictitious."

*Best*, 39 F.3d at 330 (internal quotation marks omitted); *see also Hagans v. Lavine*, 415 U.S.

528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within

their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit,

wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks

omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298 (CKK), 2010 WL 2541066 (D.D.C. June

21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with

and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of

Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to

less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v.

Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C.

Cir. 2008), plaintiff's allegations in this case present "no federal question suitable for decision."

*Best*, 39 F.3d at 330.  Insofar as the 78-page complaint is even intelligible, it lacks a "short and

plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P.

8(a)(2).  And to the extent that plaintiff seeks "A Mandatory Preliminary Prohibitory Injunction

for an Immediate Protective Order," *see* Compl. at 74–75 ¶¶ a & b, plaintiffs have failed to

articulate – let alone satisfy – the requirements for the issuance of a preliminary injunction, *see,

e.g.*, *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009), and they have

not complied with any of the relevant local and federal rules.  *See* LCvR 65.1(c); Fed. R. Civ. P.

65.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the

Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  A separate order will

issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  January 7, 2015